No. 279.—STATE OF LOUISIANA ex rel. NEW ORLEANS, MOBILE AND· TEXAS RAILROAD COMPANY *v.* JAMES GRAHAM, Auditor, et al.

The act of the General Assembly of Louisiana, approved February 21, 1870, extending the· aid of the State to the New Orleans, Mobile and Texas Railroad Company, is a contract between the State and the company. In granting State aid to this company to enable it to construct the road through her limits, the Legislature was evidently influenced from motives of public policy, and the aid given can not therefore be regarded as a simple donation to a private company.

The effect of the third amendment to the Constitution of the State, which forbids the increase of the State debt beyond the sum of twenty-five millions of dollars, is not retroactive. The Legislature granted the State aid to the New Orleans, Mobile and Texas Railroad Company from motives of public policy before the adoption of the third amendment to the Constitution, limiting the State indebtedness.

Held—That this grant of State aid, being a contract with the company which was made· before the amendment to the Constitution was adopted prohibiting the increase of the· State debt above twenty-five millions of dollars, and being made in the public interest, this aid can not now be withheld by the State, notwithstanding its indebtedness has. reached the limit imposed by the Constitution.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble*, J. *John A. Campbell*, for relator, appellee. *Hornor & Benedict*, for· respondents and appellants.

TALIAFERRO, J. This is an action brought by mandamus to compel the State Auditor and State Treasurer to register certain bonds issued' by the State in aid of the company in the construction of their rail- road through the State of Louisiana. This act of registration the· defendants are required to perform by the seventh section of the act of incorporation, approved twenty-first of February, 1870. The rela- tors show that by that act the State is bound to furnish in aid of the enterprise State bonds of the State of Louisiana to the amount of three millions of dollars, to be issued in installments of seven hundred and fifty thousand dollars each as the work of construction progressed and should be completed to certain specified points within the boundaries·

of the State. They show that according to the conditions of the legislative act aforesaid, they have completed the construction of the road from a point on the Mississippi river opposite New Orleans or Carrollton to the Bayou Lafourche, and that the company, by the terms of the said act of incorporation, is entitled to receive State bonds for the first installment of seven hundred and fifty thousand dollars. They show that according to the provisions of the act of incorporation the Governor of the State has caused to be executed the number of State bonds required for the first installment of seven hundred and fifty thousand dollars, and have been presented to the Auditor and Treasurer for registration, an act the relators aver the said officers are required to perform by the seventh section of the act of incorporation. They allege that the Auditor and Treasurer refuse to perform the act of registration so required of them by law, and declare their purpose not to perform it.

A rule *nisi* was granted by the judge *a quo*, and the defendants show for cause: That by the third amendment of the Constitution of the State, promulgated on the fifteenth of December, 1870, it is provided that "prior to the first day of January, 1890, the debt of the State shall not be so increased as to exceed twenty-five millions of dollars;" that prior to the first day of June, 1871, the debt of the State exceeded the sum of twenty-five millions of dollars; that the claim set up by the relators formed no part of the debt of the State on the fifteenth day of December, 1870, and are not now a part of that debt, and they form no part of the current expenditures of the State necessary for its government or for the maintenance of its peace and order; that the Legislature was without power to pass the act under which the relators claim, the act being null and void, as having been passed in violation of the third amendment of the State Constitution. The respondents aver that the relators constitute a private corporation, its property private property; that it is managed and controlled for the individual benefit and advantage of its stockholders, and that the Legislature was without power to pass an act of donation or gratuity to a private person or corporation for his or its private advantage and benefit, and that the act aforesaid is therefore null and void; that as officers of the State of Louisiana, they have taken an oath to support the Constitution thereof, and can not be required to perform an act in violation of their oaths.

On hearing the case in the court below, the judge *a quo* ordered the mandamus made peremptory, and the respondents have appealed.

The legislative act approved February 21, 1870, extending the aid of the State to the New Orleans, Mobile and Chattanooga Railroad Company must be regarded in the light of a contract between the State and the company. That act, as we have seen, became a law of the

State by the approval of the Governor on the twenty-first of February, 1870. The amendment to the State Constitution forbidding the increase of the State debt beyond the sum of twenty-five millions of dollars was promulgated and went into effect on the fifteenth of December, 1870. The effect of this amendment can not be retroactive. This must be determined upon elementary principles. Besides, upon no sound view of the purpose and intention of the people of the State in incorporating the third amendment into their State Constitution, can we conclude that the amendment contemplated any infringement of the obligations of the State lawfully entered into prior to its adoption. The act of the twenty-first of February, 1870, was in aid of an important public work, doubtless regarded by the Legislature as tending very greatly to increase the commerce and prosperity of the State, and as of paramount importance as a measure of public policy. Considering what we take to have been the controlling motives of the Legislature in extending the aid of the State to the construction of the road through its limits, we can not regard the aid so given as a mere donation or gratuity to a private person or a private corporation for its private advantage and without effect, as urged by the respondents. We think that in refusing to register the bonds as required by the act we have had under consideration, the respondents erred.

It is therefore ordered that the judgment of the district court be affirmed, with costs.